UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

EL PASO DIVISION

FILED
2006 JUL 26 AM 9:58
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
       DEPUTY

| | |
|---|---|
| U.S. ex rel. MESHEL, et al.      )<br>                                                 )<br>           Plaintiffs,                )       CIVIL ACTION NO. EP-02-CA-0525 -KC<br>                                                 )<br>           v.                              )<br>                                                 )<br> TENET HEALTHCARE CORPORATION  )<br>                                                 )<br>           Defendant.                )| |

## UNITED STATES' STATEMENT OF INTEREST RELATING TO TENET'S MOTIONS TO AMEND SCHEDULING ORDER AND FOR PROTECTIVE ORDER STAYING DISCOVERY

The United States submits this statement of interest in response to relators' opposition to Tenet's motions to amend the scheduling order and for a protective order staying discovery to clarify a few issues raised by the relators. In particular, relators make several statements about the settlement agreement recently entered into between Tenet and the United States. These statements raise significant issues that warrant a response from the United States.

The grounds for Tenet's motion to amend the scheduling order are based on the following: (1) its fully briefed and currently pending motion to dismiss which may obviate the need for discovery in this case, in whole or in part; and (2) by the time counsel for Tenet learned of the Court's May 16, 2006 scheduling order, certain compliance dates had passed and others (i.e., the close of discovery) were impossible to meet. Accordingly, Tenet requested that the Court's scheduling order be modified so that the deadlines contained therein are triggered by a ruling on the motion to dismiss.

The grounds for Tenet's motion for protective order staying discovery are also based on the

fully briefed and currently pending motion to dismiss. Tenet argues that a stay of discovery is appropriate because the motion to dismiss may dispose of the entire action and obviate the need for Tenet to respond to discovery. Neither motion is based on Tenet's recent settlement with the United States.

Relators largely fail to address the main issues in either of Tenet's motions – specifically, that the scheduling order should be modified or that discovery should be stayed pending the outcome of the motion to dismiss. Instead, relators argue that the settlement agreement between Tenet and the United States should have been presented to the Court, that they should receive an unredacted copy of the settlement agreement, and that this case should be transferred to the U.S. District Court for the Central District of California (for reasons apparently related to the settlement agreement). Despite all of this, in their proposed order for the Court, the relators only ask that the Court deny Tenet's motion to amend the scheduling order and motion for protective order.

While it is, therefore, not clear what relief the relators exactly seek, the United States feels compelled to correct certain mistakes made by the relators. First, the United States respectfully disagrees with the relators that the United States was required to submit the settlement agreement with Tenet for approval to the relators in this action. As an initial matter, the United States notes that it advised this Court and the relators of the settlement as soon as it was consummated. See, Ex Parte Notice of Settlement With Tenet. However, the United States disputes that relators have any legal right to be presented with or to approve the settlement. For the reasons stated in its statement of interest in support of Tenet's motion to dismiss and reiterated in the United States' recent notice to the Court regarding the settlement with Tenet, the United States submits that the relators' outlier allegations are jurisdictionally barred based on public disclosure grounds.

If relators' outlier allegations are barred, then relators are not proper relators and have no

2

authority to contest the United States' settlement. See, U.S. ex rel. Donald v. Univ. of Calif. Bd. of Regents, 329 F.3d 1040, 1044 (9th Cir. 2003) (relator's right to share in FCA recovery is dependent on having a valid cause of action). Accordingly, whether the Court has jurisdiction is a threshold issue, and unless and until the Court determines that relators' suit is properly before the Court, the relators have no rights under the FCA, including the right to challenge the government's settlement.

Second, for the same reasons, the relators here have no right to insist upon an unredacted copy of the government's settlement agreement with Tenet. Morever, the United States is precluded by sealing orders in other cases from providing the relators with an unredacted copy of the settlement agreement. In any event, the only things redacted from the settlement agreement are references to matters under seal that have nothing to do with the instant relators. The settlement agreement does not reference the relators' case at all, precisely because, as noted, the United States does not believe that the instant relators are proper relators or that they have a valid cause of action. Thus, there is no basis for the relators to contend that they are prejudiced by having only a redacted copy of the settlement agreement or that they are entitled to an unredacted copy.

Finally, it is unclear to the United States why relators suggest transferring the instant case to the Central District of California. There is no pending outlier case in the U.S. District Court for the Central District of California. While the settlement agreement makes reference to disputes being presented to the U.S. District Court for the Central District of California, that reference applies to disputes between and among the signatories to the agreement, should any such future disputes arise.

3

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

MICHAEL F. HERTZ
MICHAEL D. GRANSTON

*/s/ Rachel B. Irish*
RACHEL B. IRISH
Attorneys, U.S. Department of Justice
Civil Division
Post Office Box 261
Ben Franklin Station
Washington, D.C.
Tel: (202) 307-5928
Fax: (202) 514-0280

JOHNNY SUTTON
UNITED STATES ATTORNEY

MITCHELL L. WEIDENBACH
Assistant United States Attorney
Texas Bar No. 21076600
601 N. W. Loop 410, Suite 600
San Antonio, Texas 78216
Tel:   (210) 384-7360
Fax:  (210) 384-7312

ATTORNEYS FOR THE
UNITED STATES OF AMERICA

Dated: July 25, 2006

## CERTIFICATE OF SERVICE

This is to certify that copies of the foregoing United States' Statement of Interest Relating to Tenet's Motions to Amend Scheduling Order and for Protective Order Staying Discovery have been served by email and Federal Express, next-day delivery, this 25th day of July 2006, on:

Antonio V. Silva  
Antonio V. Silva, P.A.  
2616 Montana  
El Paso, Texas 79903  

*Attorney for relators*

Joseph L. Hood, Jr.  
Scott, Hulse, Marshal, Feuille  
  Finger & Thurmond, P.C.  
201 East Main Drive, 11th Floor  
El Paso, TX 79901  

*Attorney for defendant*

and by Federal Express, next-day delivery on:

Philip Michael  
Troutman Sanders LLP  
405 Lexington Avenue  
New York, NY 10174  

*Attorneys for Relator*

Mark Nagle  
Troutman Sanders LLP  
401 Ninth Street, NW  
Suite 100  
Washington, DC 20004-2134  

Roger Goldman  
Latham & Watkins  
555 Eleventh St., N.W., Suite 1000  
Washington, D.C. 20004  

Katherine A. Lauer  
Latham & Watkins  
600 West Broadway, Suite 1800  
San Diego, CA 92101  

*Attorneys for Defendant Tenet*

Rachel B. Irish